UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 10-CV-6061 (JFB) (GRB)

———————

RODNEY JOHNSON,

Plaintiff,

VERSUS

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO, DEPUTY ATTORNEY ELIZABETH LOCONSOLO, SERGEANT JOSEPH KREUTZ, LIEUTENANT BARBARA GRUNTORAD, CAPTAIN ANTHONY ZUARO, CAPTAIN MICHAEL GOLIO, CORPORAL PATRICK MCDEVITT, AND CORRECTION OFFICER MANNY DASILVA, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

Defendants.

———————

MEMORANDUM AND ORDER
January 30, 2015

———————

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated September 24, 2014 (hereinafter the "September 24, 2014 Opinion"), this Court granted in part and denied in part defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

By motion dated September 26, 2014, defendant Manny DaSilva ("DaSilva") requests that the Court re-consider the September 24, 2014 Opinion. Specifically, DaSilva contends that the remaining claim against him—for violating the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"), in his individual capacity—should be dismissed because the Court granted summary judgment and dismissed the related NYSHRL claims against his co-defendant employer and all other individual co-defendant employees in its September 24, 2014 Opinion due to plaintiff Rodney Johnson ("Johnson," or "plaintiff") failing to file a notice of claim. According to DaSilva, (1) he can only be found liable under an "aiding and abetting" theory under Section 296(6) of the NYSHRL,

and (2) an employee can only be found liable under an "aiding and abetting" theory if the employer or other employee(s) remain potentially liable to the same claim, because an individual cannot aid and abet his own conduct. Therefore, according to DaSilva, the dismissal of the NYSHRL claims against his employer and colleagues means that he himself cannot be found liable either.

For the reasons set forth below, the Court denies DaSilva's motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and Local Civil Rule 6.3. In particular, it is well settled that an individual employee can "aid and abet" his own conduct in violation of the NYSHRL, in the sense that a defendant can be held liable for aiding and abetting his employer's creation of a hostile work environment even where his conduct alone serves as the predicate for the employer's vicarious liability. Moreover, the Court concludes that the dismissal of an NYSHRL claim against an employer on procedural grounds does not negate a related claim against a lone employee for conduct in his individual capacity, because a plaintiff may still prove the employer condoned that conduct even though the employer is not a defendant.

I. LEGAL STANDARD

Motions for reconsideration of a non-final judgment may be filed pursuant to Federal Rules of Civil Procedure 59(e).[1] The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y. City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 283-84 (internal quotation omitted). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Id.* at 284 (internal quotation omitted).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." *Id.* "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Black v. Diamond*, 163 F. App'x 58, 61 (2d Cir. 2006) ("To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling."); *Medoy v. Warnaco Employees' Long Term Disability Ins. Plan*, 97-cv-6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments

---

[1] The standard regarding motions for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, by which parties may seek relief from final judgments, *see House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982), is not relevant for the purposes of this motion.

on issues that have already been considered fully by the Court.").

II. APPLICATION

DaSilva's motion for reconsideration is based solely on his legal contention that a claim against him under Section 296(6) of the NYSHRL can survive only if a valid related claim exists against his employer and/or fellow employees. For the reasons below, the Court concludes that DaSilva's argument is without merit. In particular, the fact that plaintiff is procedurally barred from proceeding against the employer does not prevent him from proving, in connection with the lawsuit against an individual employee, that (1) the employer condoned or approved the discriminatory conduct by the employee, and (2) the employee is liable under Section 296(6) for aiding and abetting the employer's violation.

Section 296(6) states that it is unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYSHRL], or attempt to do so." N.Y. Exec. Law § 296(6). Furthermore, it is well-settled in the Second Circuit that where a defendant actually participates in the conduct giving rise to a discrimination claim, he can be held personally liable under the statute. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998) (individuals alleged to have assaulted plaintiff and created a hostile work environment can be held liable under Section 296(6)); *Feingold v. New York*, 366 F.3d 138, 185 (2d Cir. 2004). The issue DaSilva presents, then, is whether a Section 296(6) claim can continue against an individual employee when the same claim against his employer and colleagues has been dismissed on procedural grounds.

As an initial matter, a valid claim against other employees is not a prerequisite for establishing an individual employee's Section 296(6) liability. Regardless of whether other employees contributed to the discrimination, under *Tomka,* a plaintiff may succeed in a claim under the NYSHRL by showing the employer entity's having encouraged, condoned, or approved the discriminatory conduct of a sole employee – the same discriminatory conduct which then, perhaps "circular[ly]", proves individual liability under the aiding and abetting provision of Section 296(6). *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607 PKL, 2001 WL 46986, at *2 (S.D.N.Y. Jan. 18, 2001) (citations omitted), *aff'd*, 31 F. App'x 746 (2d Cir. 2002); *see also Boston v. Taconic Mgmt.*, No. 12-CV-4077 (ER), 2014 WL 4184751, at *2 n.9 (S.D.N.Y. Aug. 22, 2014) ("Thus, assuming that the alleged discrimination can be imputed to Taconic as Plaintiff's employer, [the individual defendant] can be held liable for aiding and abetting regardless of whether his actions form the basis for Taconic's liability in the first instance.") (citing *Tully-Boone v. N. Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 426-27 (E.D.N.Y.)); *Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 436 (E.D.N.Y. 2012) ("Nevertheless, the law in this Circuit seems clear that a defendant may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability."); *State Div. of Human Rights on Complaint of Greene v. St. Elizabeth's*

3

*Hosp*, 66 N.Y.2d 684, 687, 487 N.E.2d 268 (1985) (holding that condonation, defined as calculated inaction, by an employer of an employee's discriminatory acts constitutes a basis for liability under the NYSHRL). To require the complicity of other employees for a successful claim would allow a "lone wolf" bad actor to escape liability because none of his colleagues committed discriminatory acts of their own. Moreover, DaSilva's argument would cause a discontinuity between Section 296(6)'s aiding and abetting doctrine and its alternative "supervisory liability" doctrine, where courts have held that an individual supervisor who perpetrates the discrimination can cause the vicarious liability of the employer and be personally liable under Section 296(6). *See, e.g.*, *Perks v. Town of Huntington*, 96 F. Supp. 2d 222, 228 (E.D.N.Y. 2000) ("Many district courts in this circuit have cited *Tomka* for the proposition that under § 296.6, an individual may be held liable under the New York Human Rights Law if the defendant actually participated in the conduct giving rise to the claim of discrimination.") (citations omitted); *Lippold v. Duggal Color Projects, Inc.*, No. 96 Civ. 5869 (JSM), 1998 WL 13854, at *3 (S.D.N.Y. Jan. 15, 1998) (holding that, absent clearer guidance from New York state courts, *Tomka* enables supervisory individual liability under Section 296(6)).

The remaining question, then, is whether an action against an employee under Section 296(6) may continue when a plaintiff is procedurally barred from seeking a claim under the NYSHRL against the employer. The Court concludes that the answer is yes. In fact, this Court previously held in *Humphrey v. County of Nassau*—a case closely resembling this one—that NYSHRL claims against multiple individual defendants in their individual capacities could continue under *Tomka*, despite the dismissal of the NYSHRL claims against the County employer and the individuals in their official capacities for the plaintiff's failure to serve a timely notice of claim. *Humphrey v. County of Nassau*, No. 06-cv-3682 (JFB)(AKT), 2009 WL 875534, at *21-22 (E.D.N.Y. March 30, 2009). As discussed above, the presence of other individual defendants is not a prerequisite to the analysis. Simply put, a procedural bar to seeking liability against an employer does not prevent claims against an employee in his individual capacity.

In reaching this decision, the Court emphasizes that the absence of the employer as a party to the suit does not relieve plaintiff of its obligation, as part of its Section 296(6) claim against the individual employee, of first proving the liability of the employer. *See, e.g., Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) ("Importantly, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting, a plaintiff cannot prevail against an individual on her state claims unless she can first establish the liability of her employer.") (internal citations omitted). Instead, this Court simply holds that a plaintiff can still prove involvement by the employer even if the employer is procedurally dismissed from the case (or is not brought as a defendant at all).[2] Thus, defendant's reliance on *Jain v. McGraw Hill Cos., Inc.,* 827 F. Supp. 2d 272, 277 (S.D.N.Y. 2011), *aff'd*, 506 F. App'x 47 (2d Cir. 2012) ("[T]he NYSHRL and

---

[2] Of course, as discussed *infra*, if the plaintiff's claim against the employer was dismissed on the merits because of a lack of proof, the doctrine of collateral estoppel could impact a plaintiff's ability to try to prove such liability as part of a Section 296(6) claim against an individual employee.

4

NYCHRL require that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor."), is misplaced. This Court's holding is consistent with *Jain* because plaintiff, in the instant case, must still first *establish*, or prove, the County's liability for condoning DaSilva's discrimination before DaSilva can be held liable as an aider and abettor. However, nothing in *Jain* suggests that the County must be a defendant for plaintiff to prove the County's liability as a predicate to DaSilva's aiding and abetting liability.

A significant majority of courts have arrived at the same conclusion in similar circumstances. *See, e.g.*, *Benedith v. Malverne Union Free Sch. Dist.*, No. 11-CV-5964 (ADS)(GRB), 2014 WL 4056554, at *17-18 (E.D.N.Y. Aug. 15, 2014) (dismissing NYSHRL claims against school district and "school officers" because of plaintiff's failure to observe 90-day notice of claim requirements in Education Law § 3813(1), but allowing claims against non-officers not subject to Section 3813(1) to proceed); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 266 (E.D.N.Y. 2013) (same involving only one individual defendant); *Williams v. City of New York*, No. 99 CV 2697 (ARR)(LB), 2006 WL 2668211, at *26-27 (E.D.N.Y. Sept. 11, 2006) (same involving only one individual defendant); *Ritterband v. Hempstead Union Free Sch. Dist.*, No. 06-cv-6628 (DRH)(ETB), 2008 WL 3887605, at *8-9 (dismissing claims against school district based on incidents allegedly occurring more than 90 days prior to the EEOC filing because of the Section 3813(1) notice of claim requirement, but allowing them against the individual defendants); *Alessi v. New York State Dept. of Corrections and Cmty. Supervision*, No. 12-CV-725S, 2014 WL 1671580, at *3 (N.D.N.Y. Apr. 22, 2014) (dismissing NYSHRL claims against state and individual defendant in his official capacity on sovereign immunity grounds, but denying dismissal against individual in his individual capacity); *Lamere v. New York State Office for the Aging*, No. 03-CV-356, 2005 WL 1174068, at *14-15 (N.D.N.Y. Apr. 27, 2005) (same).

Many of the cases DaSilva cites in support of his argument are distinguishable because the NYSHRL claims against the employers were dismissed on substantive grounds, rather than procedural. For example, in *Alexander*, the claims were dismissed because the school district had a successful *Faragher* defense because the employer had "exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and "plaintiff employee . . . unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm." *Alexander v. Westbury Free Sch. Dist.*, 829 F. Supp. 2d 89, 104-08 (E.D.N.Y. 2011) (internal quotations omitted) (citing *Faragher.* 524 U.S. at 806-07). In *Raneri*, the plaintiff failed to make any showing of the employer's encouragement, condonation, or approval of the employee's discriminatory acts. *Raneri v. McCarey*, 712 F. Supp. 2d 271, 282 (S.D.N.Y. 2010). Moreover, in *Piston*, the plaintiff voluntarily withdrew her claims against the employer, and the issue of the individual defendant having acted outside her official capacity was never raised. *Piston v. County of Monroe*, No. 08-CV-6435P, 2012 WL 4490652, at *6 (W.D.N.Y. Sept. 27, 2012).

The two cases DaSilva cites for the direct proposition that an individual defendant cannot aid and abet his own alleged discriminatory

5

conduct, *Reid v. Ingerman Smith*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) and *Nunez v. Cuomo*, No. 11-CV-3457 (DLI)(LB), 2012 WL 3241260, at *20 (E.D.N.Y. Aug. 7, 2012), do not alter this Court's conclusion. As a threshold matter, both *Reid* and *Nunez* cite *Raneri* for the proposition that an individual cannot aid and abet his own conduct, without recognizing that the court held that the plaintiff in that case failed to make any showing of the employer's condonation. *Reid*, 876 F. Supp. 2d at 176; *Nunez*, 2012 WL 3241260, at *20. In that manner, neither *Reid* nor *Nunez* recognizes that the employee under Section 296(6) is not aiding and abetting his own conduct *per se*, but rather aiding and abetting the employer's violation, based on its condonation or approval of the employee's conduct. At least one other court has acknowledged that *Reid* should be limited to its facts. *See Reed*, 987 F. Supp. 2d at 266 ("The facts of [*Reid*] do not apply here. It is possible for an individual to be liable under § 296(6) for 'actually participating' in the discriminatory conduct even thought he or she lacks the authority to hire or fire the plaintiffs."). In any event, to the extent *Reid*, *Nunez*, or any other cases could be construed as asserting that an individual cannot, under Section 296(6), aid and abet the employer's violation, even through his own conduct, this Court respectfully disagrees for the reasons discussed *supra*.

In this case, plaintiff has raised a triable issue of fact about whether DaSilva acted outside the scope of his employment in creating a hostile work environment. Further, as discussed in the September 24, 2014 Opinion denying the County defendant's motion for summary judgment on plaintiff's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, there are triable issues of facts as to whether the County encouraged, condoned, or approved of DaSilva's alleged discriminatory conduct creating a hostile work environment. Those facts, if proven adequately at trial, would support an individual claim against DaSilva under Section 296(6). That a judgment under the NYSHRL cannot be obtained against the County itself because of plaintiff's failure to file a notice of claim does not preclude plaintiff from attempting to prove that the County encouraged, condoned, or approved DaSilva's alleged discriminatory conduct and that DaSilva aided and abetted that violation through his own conduct under Section 296(6).

Accordingly, the Court determines that defendant has not presented new evidence or case law that warrants this Court reconsidering the September 24, 2014 Opinion.

III. CONCLUSION

For the foregoing reasons, DaSilva's motion for reconsideration is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   January 30, 2015
         Central Islip, New York

\* \* \*

Plaintiff is represented by Frederick K. Brewington, Law Offices of Frederick K.

Brewington, 556 Peninsula Voulevard, Hempstead, NY 11550. Defendant DaSilva is represented by Justin C. Tan and John Francis McKay, III of Bond Schoeneck & King, PLLC, 1399 Franklin Avenue, Suite 200, Garden City, NY 11530.